IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,477-01






EX PARTE LAYTON JOHN MAYES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3709-A IN THE 46TH DISTRICT COURT


FROM HARDEMAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to manufacture methamphetamine and sentenced to forty-five (45) years' imprisonment. The
Seventh Court of Appeals affirmed his conviction. See Mayes v. State, No. 07-02-0248-CR, Tex.
App. - Amarillo, 2003, pet. ref'd.) (Not designated for publication.) 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to introduce mitigating evidence at punishment. Specifically, Applicant alleges that he has
a history of psychological problems and has been diagnosed with anxiety disorder and dysthymic
disorder. He also alleges that there is a "family history of emotional problems." He alleges that the
State painted a picture of him as a "methamphetamine-crazed drug abuser, user and peddler." He
alleges that if counsel had introduced mitigating evidence, the jury would have seen him in a more
sympathetic light and would not have assessed such a long sentence; especially considering that this
was his first felony offense. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel in that it shall order trial counsel
to file an affidavit addressing whether counsel introduced mitigating evidence as to Applicant's
psychological and emotional problems at punishment and, if not, counsel's strategic reason for not
introducing said evidence. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings as to whether counsel introduced mitigating evidence
as to Applicant's psychological and emotional problems at punishment and, if not, why counsel
decided not to introduce said evidence. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 2, 2008

Do not publish